

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00337-CR

**DANNY EUGENE DANIELS,**

                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                            **Appellee**

---

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2008-182-C2**

---

# OPINION

A jury convicted Danny Eugene Daniels of murder and assessed his punishment at life imprisonment and a $10,000 fine. Daniels contends in his sole issue that the court erred by refusing to charge the jury on the lesser-included offense of deadly conduct. We will affirm.

The indictment charged Daniels with intentionally or knowingly causing the death of Michael Evans "by shooting him with a firearm" or alternatively by committing an act clearly dangerous to human life (with intent to cause serious bodily

injury) that caused Evans's death by shooting him with a firearm. According to the testimony, Daniels was engaged in selling illegal narcotics on the occasion in question. When Evans drove up in his truck, Daniels believed him to be the person who had taken some drugs without paying earlier in the day. Daniels ran up and reached inside the driver's side window trying to get his money. As Evans resisted, Daniels pulled out a handgun and shot through the open window. Evans drove away, and Daniels fired a second shot at the truck. Evans died moments later from a gunshot wound.

The trial court denied Daniels's request for submission of an instruction in the charge on the lesser-included offense of deadly conduct. The State contends that Daniels did not preserve error because he did not explain the "underlying rationale" for his request. *See Pena v. State*, 285 S.W.3d 459, 463-64 (Tex. Crim. App. 2009). As the Court of Criminal Appeals explained in *Pena*, an appellate court must "consider the context in which the complaint was made and the parties' shared understanding at that time" when evaluating whether the complaint was preserved. *Id.* at 464.

*Pena* involved the question of whether the Texas Constitution's Due Course of Law provision provides a greater level of protection than the federal Due Process Clause. *Id.* at 461. The record in that case demonstrated that the trial court and the prosecution both understood the defendant's complaint to be based on the "well established federal standard," and the defendant "never disabused the judge of this notion." *Id.* at 464. Because this was the shared understanding and because the defendant failed to argue that the Texas Constitution provides a greater level of

protection than the federal constitution, the Court held that he had failed to preserve this novel constitutional issue for appellate review. *Id.*

Daniels's case is different. The most important distinction is that the present case does not involve a novel constitutional issue. Daniels requested a lesser-included instruction, and that request was promptly denied without elaboration. In *Pena*, however, the trial judge and the attorneys engaged in a discussion about the appropriate constitutional standard for lost or destroyed evidence as established by federal caselaw. *Id.* at 461-62. The judge explained that he was relying on these cases in making his ruling and invited the attorneys to add "any comment" they may have on the issue. *Id.* at 461. In response, the defendant urged his objection under the Texas Constitution but did not argue that it provided any greater protection than the federal constitution. *Id.* Because he did not argue in the trial court that the state constitution provided greater protection, the Court of Criminal Appeals concluded that he had failed to preserve for appellate review his complaint that the state constitution provided greater protection. *Id.* at 464.

Because Daniels requested the instruction, because his complaint does not involve a novel constitutional issue, and because neither the trial court nor the prosecution appears to have misapprehended "the underlying rationale" for the request, we hold that he preserved this complaint for appellate review. *Cf. id.*

> In determining whether the appellant is entitled to a charge on a lesser-included offense, we must consider all of the evidence introduced at trial, whether produced by the State or the defendant. This Court uses a two-pronged test in its review. First, the lesser-included offense must be included within the proof necessary to establish the offense charged;

second, there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser-included offense. The credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in determining whether an instruction on a lesser-included offense should be given.

*Young v. State*, 283 S.W.3d 854, 875-76 (Tex. Crim. App. 2009) (footnotes omitted).

Here, the first prong is satisfied because deadly conduct is a lesser-included offense of murder as charged in the indictment. *Ortiz v. State*, 144 S.W.3d 225, 232-34 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

Regarding the second prong, Daniels relies on *Ortiz* in which the defendant told the police that he fired his pistol into the air two times. *See id.* at 234. The Fourteenth Court held that a rational jury could conclude from this statement that he "did not intend to commit serious bodily injury, but due to his poor aim or the falling trajectory of a bullet fired a block or more away, the victim was nevertheless fatally injured." *Id.* Thus, the court concluded that the trial court did not err by charging the jury on deadly conduct as a lesser-included offense of murder. *Id.*

The State relies on *Jackson v. State*, 992 S.W.2d 469 (Tex. Crim. App. 1999), in which the Court of Criminal Appeals considered whether a jury should have been charged on aggravated assault as a lesser-included offense of capital murder. The Court concluded that no such charge was warranted. *Id.* at 475. The Court stated:

A murder defendant is not entitled to an instruction on the lesser included offense of aggravated assault when the evidence showed him, at the least, to be guilty of a homicide.

Since there was no evidence from which a rational jury could conclude that appellant did other than cause the death of the victim, the

only lesser included offense that was raised by the evidence of recklessness was manslaughter.

*Id.* (citation omitted).

The holding in *Jackson* would seem to dictate the result in Daniels's case. However, the Court of Criminal Appeals has not been entirely consistent in following this rationale in more recent cases. For example, in *Guzman v. State*, 188 S.W.3d 185 (Tex. Crim. App. 2006), the Court stated, "While deadly conduct is generally aimed at capturing conduct that falls short of harming another, we cannot say that all shootings resulting in death or injury are inevitably and necessarily beyond the scope of the offense of deadly conduct." *Id.* at 191 n.11. "Certainly there is nothing in the statute which expressly or even implicitly limits prosecution (or conviction) for the offense of deadly conduct to only that conduct which threatens, but fails, to cause injury to another." *Id.*

> The Fourteenth Court of Appeals has reached a similar conclusion.
>
> [A] person satisfies the elements of deadly conduct even if he knowingly discharges a firearm directly at an individual. Whether the shot is fired point blank into the victim is irrelevant. Whether the victim is hit, injured, or killed is of no moment. Whether the defendant could, and perhaps should be prosecuted for murder, is unimportant—the elements of deadly conduct are satisfied. Accordingly, we are not persuaded that a jury acts irrationally if it convicts a defendant of deadly conduct where the evidence shows the victim has died.

*Ortiz*, 144 S.W.3d at 234 n.9.

In her concurring opinion in *Guzman*, Presiding Judge Keller expressed her preference for a more bright-line rule. "I would hold that, when a defendant is charged with committing an act that causes bodily injury—*e.g.*, aggravated assault—the second

prong of the lesser included offense test is never met when the evidence that the victim was injured is undisputed." *Id.* at 198 (Keller, P.J., concurring).

More recently, however, the Court has stated that a defendant does not satisfy the second prong of the test for a lesser-included offense "if there is evidence that he committed an offense that is a lesser-included of the charged offense but greater than the requested lesser-included offense." *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008) (citing *Jackson*, 992 S.W.2d at 474-75; *Thomas v. State*, 699 S.W.2d 845, 845-52 (Tex. Crim. App. 1985)). Thus, "a defendant is not entitled to a jury instruction on a lesser-included offense if the evidence on which the defendant is relying raises another offense that 'lies between' the requested and charged offenses." *Id.* (quoting *Jackson*, 992 S.W.2d at 475).

Here, Daniels suggests that "[a] rational jury could conclude that Appellant did not intend to commit serious bodily injury, but due to his poor aim, the victim was nevertheless fatally injured." This argument, at best, would raise the lesser-included offense of manslaughter or perhaps criminally negligent homicide. *See Jackson*, 992 S.W.2d at 475; *see also Flores*, 245 S.W.3d at 439. Therefore, a rational juror could not have found that, if Daniels was guilty, he was guilty only of deadly conduct. *See Jackson*, 992 S.W.2d at 475; *see also Armstrong v. State*, 179 S.W.3d 84, 87 (Tex. App.—Fort Worth 2005, no pet.); *Harris v. State*, 152 S.W.3d 786, 796 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *Dale v. State*, 90 S.W.3d 826, 833 (Tex. App.—San Antonio 2002, pet. ref'd).

We overrule Daniels's sole issue and affirm the judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
        (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed January 6, 2010
Publish
[CRPM]

\*        (The Court's effort to limit the scope of the error preservation requirements discussed by the Court of Criminal Appeals in *Pena v. State*, 285 S.W.3d 459 (Tex. Crim. App. 2009), is not necessary and I find the analysis unpersuasive.  The problem this case highlights, especially when combined with the unnecessary discussion of *Pena*, is that to adequately preserve some errors, particularly charge errors, trial counsel may need to put otherwise informal comments and discussion on the record.  In this instance counsel's "objection" on the record was:  "We would request, as we requested yesterday in the informal conference, Your Honor, an inclusion of the offense of deadly conduct as a lesser included."  To which the trial court responded: "That objection is overruled or that request is."  But this case is nothing other than a straightforward request for the inclusion of a lesser included charge of deadly conduct.  Daniels's argument on appeal is that the testimony of Roosevelt Young, an eye witness, could be construed as evidence that Daniels did not intend serious bodily harm, and certainly not death.  This argument depends on certain inconsistencies in Roosevelt Young's testimony and the physical evidence.  Specifically the description by Roosevelt about which of allegedly two shots fired hit the truck and which shot killed Michael Evans.  Young's testimony leaves no doubt that it was a shot fired at point blank range, as Evans was pushing Daniels out of the truck window through which he had reached to take Evans's money after an argument started over payment for drugs previously delivered, that killed Evans.  The physical evidence shows a bullet penetrated the truck cab just behind and below the driver's shoulder and is consistent with the entry point of the bullet that killed Evans.  The resolution of this potential conflict in the evidence is immaterial to the analysis of whether Daniels was entitled to the lesser included instruction.  Neither interpretation of the evidence supports Daniels argument that he did not intend serious bodily injury and therefore does not support the submission of a lesser included instruction.  Thus I concur in the judgment of this Court which affirms the trial court's judgment but do not join the Court's opinion.  I do, however, specifically disagree with the dicta in the Court's opinion that seeks to limit the preservation analysis of *Pena* to "novel constitutional issues.")